# Cramer *v.* Blooming Grove Mutual Fire Ins. Co., Appellant.

*Insurance—Fire insurance—Use of particular kind of fuel—Increase of hazard—Warranty.*

A stipulation attached to a policy of fire insurance which requires the insured "to use coal only for fuel when steam power is used" must be limited to the building insured, or anything attached to it in such manner that it might be said to be a part of it, and will not be construed as applicable to a portable steam engine using wood as a fuel for the purpose of sawing wood, located temporarily on the premises about twenty-eight feet from the dwelling house insured.

In such a case it is not error for the trial court to refuse to permit the defendant to prove by a witness that the portable engine was dangerous, and that on the day prior to the fire in question, a fire started on the roof of the porch of the dwelling house next or near to the engine, and that there was no cause which could be assigned for the first fire save only sparks from the portable engine, without any offer to show that the fire on the preceding day was caused by sparks from the engine, or that the engine did throw sparks.

In such a case whether the proximity to the building increased the probability of fire and thereby increased the hazard within the provision of the policy relating to an increased hazard, is a question of fact for the jury.

In an action upon a policy of fire insurance where the plaintiff does not testify as to any increase of hazard, the defendant will not be permitted on cross-examination of the plaintiff to introduce a defense based on an alleged increase of hazard to the premises insured.

Argued Feb. 29, 1916.  Appeal, No. 28, Feb. T., 1916, by defendant, from judgment of C. P. Lycoming Co., June T., 1915, No. 209, on verdict for plaintiff in case of D. W. Cramer and for use of R. F. Robinson v. Blooming Grove Mutual Fire Insurance Company.  Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit on a policy of fire insurance.  Before WHITEHEAD, J.

The opinion of the Superior Court states the facts.

When Harvey Aderhold, a witness for plaintiff, was on the stand having been recalled for examination in chief on behalf of the defendant, the following offer was made by defendant:

Counsel for defendant propose to prove by witness on the stand that the portable engine testified to by the witnesses, in the position they testified it stood, was dangerous, and that on the day prior to the time of the fire in question a fire started on the roof of the porch of the building afterwards destroyed, next or near to the portable engine in question, and that there was no cause which could be assigned for that fire save only sparks from the portable engine there being used in sawing wood.

This for the purpose of showing the dangerous character of the use of that engine as it was placed by the parties, both at the time of the fire and at the time of the occurrence sought to be proved; this being material on the question of whether or not the hazard to the building was increased.

Counsel for plaintiff object to this offer, and the evidence sought to be adduced under it.

First: Because whether the risk has been increased with the knowledge of the insured, or not, under the evidence in this case is for the jury, and not the proper subject of expert testimony, being capable of being explained from the common source of knowledge of the

persons who were present, showing the surroundings, and showing the location of the engine complained of with reference to the dwelling house, and the conditions as they existed at the time of the fire.

Second: That the question and proposed answer relating to a prior fire have no relevancy to the issue in that case, nor is it proposed to show, or be shown, that such fire had anything to do with the fire which caused the house to be burned and for which the plaintiff in this case is claiming under the insurance policy in evidence.

Third: Because the proposed question relates to a collateral inquiry to the question at bar, and it is not proposed to be shown any spark from this particular engine caused the fire, if any occurred, the preceding day.

Fourth: Because the evidence offered is incompetent and irrelevant.

By the Court: If counsel for defendant propose to follow this offer with testimony showing that the fire of the preceding day, to which attention has been called in the offer, was caused by the portable engine in use on premises of plaintiff, then, we will overrule the objections and admit the evidence. Otherwise the objections will be sustained.

Counsel for defendant state to the court that they are not willing to incorporate in their offer an offer to show absolutely that the fire of the preceding day was caused by sparks from this portable engine referred to; that the offer contains as much as defendant's counsel propose to offer to prove by this witness, and that is, to show the fire occurred the preceding day and that there was no other known cause from which that fire could have originated except from the portable engine being used in sawing wood on plaintiff's premises.

By the Court: Do counsel for defendant propose to follow this offer by showing there was no fire in the stove used in house of plaintiff the day before?

To which inquiry of the court counsel for defendant reply—

No; that counsel for defendant are speaking of a fire which occurred on the porch the preceding day, and not on the main part of the house.

By the Court: The objections are sustained and the evidence rejected; to which ruling of the court defendant excepts and at its request exception noted and bill sealed. (9)

Verdict and judgment for plaintiff for $1,200.00. Defendant appealed.

*Errors assigned,* among others, were (1) in refusing to charge that the stipulation as to the use of coal only was a warrantee, (4) in refusing binding instructions for defendant and (9) ruling on evidence as above, quoting the bill of exceptions.

*G. B. M. Metzger* and *W. C. Gilmore,* for appellant.—
Where a warranty is expressly and in terms declared, there is no room for construction, but the terms of the contract in this respect, must control: Blooming Grove, Mut. Fire Ins. Co. v. McAnerney, 102 Pa. 335.

Plaintiff having broken the warranty which appellant claimed existed, by generating steam power with wood as fuel, such breach avoid the policy: City Ins. Co. v. Bricker, 91 Pa. 488; Smith v. Natl. Life Ins. Co., 103 Pa. 177; Home Mut. Life Assn. v. Gillespie, 110 Pa. 84.

To hold that defendant must show increased hazard in order to prevail is correct, but to prevent him from showing by plaintiff himself or by disinterested witnesses such incidents, facts and circumstances as would convince reasonable men of such hazard is quite another thing and error as we believe: Henderson v. Philadelphia, Etc., R. R. Co., 144 Pa. 461; Baker v. Hagey, 177 Pa. 128.

*Otto G. Kaupp,* with him *Sprout & Cupp,* for appellee.

—Where a policy is on a building and provides that the article named shall not be stored on the premises, the word "premises" must be construed as referring to the building insured, and not to the ground outside the building, or an out-house detached from the insured building: Sperry v. Insurance Co., 22 Fed. Rep. 516; Hanover Fire Ins. Co. v. Stoddard, 73 N. W. 291; Allemania Fire Ins. Co. v. Pitts Expos. So., 11 Atlantic 572.

The policy of insurance in this case was not voided by the use of wood instead of coal for fuel, in generating steam for power in the operation of the portable engine temporarily used by the insured on his premises; this contention is fully sustained in the following cases: Schefer v. Farmers' Mut. Fire Ins. Co., 45 Am. St. Rep. (Md.) 362; Girard Fire & Marine Ins. Co. v. Stephenson, 37 Pa. 293; Lebanon Co. v. Fire Ins. Co., 237 Pa. 360; Mears v. Humboldt Ins. Co., 92 Pa. 15; Ulysses Elgin Butter Co. v. Home Ins. Co., 20 Pa. Superior Ct. 320; Smith v. Nat. Life Ins. Co., 103 Pa. 177; Life Assn. v. Gillespie, 110 Pa. 84.

An offer of evidence is properly rejected, the purpose of which is to introduce the defendant's case in advance by a cross-examination of the plaintiff: Field v. Schuster, 26 Pa. Superior Ct. 82; American Car & Foundry Co. v. Alexandria Water Co., 218 Pa. 542.

It is a well settled principle of law that "expert evidence is not admissible to show that actual danger from fire to certain premises had been increased by the location of adjacent buildings; that no person can be deemed an expert as to matters of common experience and observation": Franklin Fire Ins. Co. v. Gruver, 100 Pa. 266; Graham, et al., v. Penna. Co., 139 Pa. 149.

Opinion by Kephart, J., April 17, 1916.

The plaintiff had his dwelling house insured by the defendant. Attached to the policy of insurance was a stipulation which read as follows: "The undersigned, in consideration of a policy of indemnity, against acci-

dental loss to above named property, hereby agrees to be subject to and observe all the by-laws, rules and regulations of the company during membership; ......to keep all ashes in fire-proof vessels, in cellar or vault or at a safe distance from insured property, to use coal only for fuel when steam power is used; to use or allow no unprotected light in or about barn, stable or barnyard, to not smoke or allow the smoking of cigars or pipes therein or thereabout; ......that all the foregoing statements and answers are warranted to be true." At the time of the fire, the plaintiff was operating a portable steam engine, using wood as a fuel, for the purpose of sawing wood. It was located between the house and the barn, about twenty-eight feet from the house or twenty feet from the porch. The fire was first noticed breaking through the roof of the house, and plaintiff states it was caused by a stovepipe running through the attic floor into the flue. Defendant contends that the use of wood as fuel to make steam was in violation of alleged warranty contained in the terms of this stipulation, and the policy of insurance was therefore void.

It will not be necessary for us to determine whether this stipulation is a warranty. Even if it were, the question would still be whether the facts as here presented come within the prohibition of the stipulation. It will be observed that this language relates to the thing insured and does not refer to matters temporarily used outside of and not in any manner connected with the thing insured. If the policy was intended to cover the conditions as here contended for, its language should be clear and explicit. In this case the building which was insured and destroyed was a dwelling house located on a farm. The prohibition was the use of any fuel, except coal, in generating steam in the property insured. If this prohibition referred to fuel used for the purpose of making steam outside of the building, it would extend to any part of the farm and would prohibit the use of an engine of this character at a point clearly not within any

reasonable interpretation of the terms or intention of the policy of insurance. Nor can it be said to embrace the use of an engine reasonably close to the building, as the policy does not undertake to fix the distance; to have the effect of a warranty, as contended for, it lacks the essential element of clearness or definiteness in terms, and leaves the fact warranted obscure, as it is uncertain what point would be considered a reasonably safe distance. At best, even if it were a warranty, the prohibition could only embrace such facts as in the judgment of the jury was reasonably in contemplation of the parties in view of the nature of the matter then under consideration. For this reason the third point was properly denied. The clause referred to must be limited and confined to the building insured, or anything attached to it in such manner that it might be said to be a part of it, and as thus construed it would not include an engine used temporarily on the premises, located near the building.

As affecting the insured's right to recover, the nearness of the engine to the insured building, thereby causing it to be more dangerous, is brought under the provision of the policy relating to an increased hazard. Whether the proximity to the building increased the probability of fire and thereby increased the hazard, within the meaning of the policy, is a question of fact for the jury: Lebanon Co. v. Franklin Fire Insurance Co., 237 Pa. 360. This question was decided by the jury adversely to appellant.

Exception was taken to the ruling of the court below in refusing to permit the defendant to ask the plaintiff on cross-examination certain questions relating to increased hazard to the premises. The plaintiff did not testify as to increased hazard, and this was a matter of defense. It was an attempt to introduce the defendant's case by cross-examination of the plaintiff, and was properly disallowed.

Concerning the questions asked Aderhold by the defendant, in an effort to establish hazard, the offer was

clearly objectionable for a number of reasons. It called for an opinion on a matter which was not of a technical nature and one that the jury might well establish unaided by such evidence. The question did not embrace all the material facts in evidence, which were necessary to guide in the formation of an opinion. It failed to include the fact that there was a wood fire burning in the house, which might have caused the fire on the porch. It further did not show a connection between the engine as it was located and the fire that occurred on the porch the previous day. That is, there was no offer to show that the engine threw sparks and there was nothing in the offer to charge the appellee with knowledge that the placing of the engine tended to increase the risk. We think that the court committed no error in refusing the offer in the form it was made.

The assignments of error are overruled and the judgment is affirmed.